UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: |
| PORT CITY CONTRACTING SERVICES, INC. | **22-02917-5-DMW** |
| DEBTOR. | CHAPTER 7 |

| | |
|---|---|
| MARK EASTHAM and PETER SPARK | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| ALGERNON L. BUTLER, III, CHAPTER 7 TRUSTEE FOR PORT CITY CONTRACTING SERVICES, INC., ROBERT P. SHARPE, STONE BAY TACTICAL, LLC, and SRS SUPPLY, LLC | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ADVERSARY PROCEEDING NO.:
**23-00089-5-DMW**

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant Robert P. Sharpe respectfully submits this memorandum of law in support of Defendant's Motion to Dismiss Plaintiffs' Seventh Claim for relief.

### STATEMENT OF PROCEDURE

1. On December 16, 2022 ("Petition Date"), Port City Contracting Services, Inc. ("Debtor") filed a petition for relief under Chapter 7 of the Bankruptcy

1

Code, and Algernon L. Butler, III was appointed as Chapter 7 Trustee to fulfill the duties set forth in 11 U.S.C. § 704. The Debtor's bankruptcy case is pending before the Bankruptcy Court and identified by case number 22-2917-5-DMW.

2. On the Petition Date, a civil action captioned Mark Eastham and Peter Spark v. Port City Contracting Services, Inc., Robert P. Sharpe, Stone Bay Tactical, LLC, and SRS Supply, LLC, File No.: 22 CVS 1507, ("Superior Court Action") was pending in the Superior Court for New Hanover, North Carolina ("Superior Court"). The Superior Court Action was initiated on or about May 4, 2022.

3. The Superior Court Action was removed to the Bankruptcy Court by a Notice of Removal filed on September 22, 2023 [AP DE 1], and the action is therefore pending under this Adversary Proceeding.

4. On March 4, 2024, the Plaintiffs filed their Second Amended Complaint ("Second Amended Complaint") [AP DE 57].

5. Plaintiffs' Second Amended Complaint (SAC), Claim Seven, asserts Defamation against Sharpe.

## STANDARD OF REVIEW

**Dismissal Under Rule 12(b)(6)**

I. A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63, 570 (2007); *Coleman*

*v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

II. In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. *See, e.g.*, *Iqbal*, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano*, 521 F.3d at 302; *see Iqbal*, 556 U.S. at 677–79; *Jennette v. Beverly*, No. 5:15-CT-3019-D, 2015 WL 7176452, at *2 (E.D.N.C. Nov. 10, 2015).

III. A well-pleaded complaint must contain factual allegations that produce "an inference of liability strong enough to nudge the plaintiff's claims 'across the line from conceivable to plausible.'" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680). In order to satisfy this standard, the complaint must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678. Federal Rule of Civil Procedure 8(a)(2) requires a "showing" — more than just a "blanket assertion" — of the grounds which would entitle the Plaintiff to relief. *Twombly*, 550 U.S. at 555 n.3.

## ARGUMENT

North Carolina law applies to Plaintiffs' claim for Defamation. In the present matter, this Court must predict how the Supreme Court of North Carolina would rule on any disputed state-law issue. *See Twin City Fire Ins, Co. v. Ben Arnold-Sunbelt Beverage Co.,* 433 F.3d 365, 369 (4th Cir. 2005). Accordingly, all elements of defamation in North Carolina must be pleaded. These elements are detailed in *Lee*

*v. AT&T Mobility Servs. LLC*, No. 5:11-CV-294-FL, at *13 (E.D.N.C. Mar. 27, 2013):

> (1) defendant spoke or published base or defamatory words which tended to prejudice [plaintiff] in [her] reputation, office, trade, business or means of livelihood or hold [plaintiff] up to disgrace, ridicule or contempt;
>
> (2) <u>the statement was false</u>; (emphasis by Defendant)
>
> (3) the statement was published or communicated to and understood by a third person.

Critically, Plaintiff's Second Amended Complaint contains no allegation that any statement made by Defendant is false, much less which statements are defamatory. *Elina Adoption Services v. Carolina Adoption SVCS*, 1:07CV169, at *13 (M.D.N.C. Aug. 25, 2008) ("The second element requires that Plaintiff allege that Defendants' statements were false. *See Friel*, 113 N.C. App. at 509, 440 S.E.2d. at 113-14.") As such, Plaintiff's defamation claim is deficient on its face for failing to allege an essential element.

Moreover, in Plaintiffs' recent pleadings before the Fourth Circuit Court of Appeals, Plaintiffs admit Defendant Sharpe genuinely believes any "defamatory" statements made are true. *See In Re: Robert Paul Sharpe* (Case No. 24-1001, DE 13-1, at ¶ 52 "<u>because in his mind, these statements are true and his actions are justified</u>"). (emphasis by Defendant). Recently, the Fourth Circuit discussed these exact issues in *Cannon v. Peck*, 36 F.4th 547, 559 (4th Cir. 2022):

> In North Carolina, "to make out a *prima facie* case for defamation, [the] 'plaintiff must allege and prove that the defendant made <u>false</u>, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation.' "*Griffin v. Holden,* 180 N.C.App. 129, 636 S.E.2d 298, 302 (2006) (quoting *Smith–Price v. Charter Behav. Health Sys.,* 164 N.C.App. 349,

4

595 S.E.2d 778, 783 (2004)).

> For defamation purposes, "reckless conduct is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing." *St. Amant v. Thompson*, 390 U.S. 727, 731, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968). Instead, "reckless disregard" for the veracity of a statement requires the plaintiff to prove that the defendant "in fact entertained serious doubts as to the truth of his publication." Id. at 566.

Beyond failing to plead a required element, Plaintiffs' own pleadings before the courts argue against the required element. *See St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) ("There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.")

Additionally, in North Carolina, a claim of defamation must also include: a "recount [of] the allegedly defamatory statement either verbatim or at least with enough specificity to allow the Court to decide if the statement is defamatory." *Jolly v. Acad. Collection Serv., Inc.*, 400 F. Supp. 2d 851, 861 (M.D.N.C. 2005). Plaintiffs have failed to identify which statements are defamatory, much less which statements are false.

Plaintiffs must also identify the time and place of each alleged defamatory statement to comply with their pleading obligations. Plaintiffs have failed to meet this requirement. *See Bowman,* 2015 WL 4508648, at *7. *See also Orndorff v. Raley,* No. 3:17-CV-00618-GCM, 2018 WL 5284040, at *3 (W.D. N.C. Oct. 24, 2018) (dismissing defamation claims for lack of specificity).

5

## SUMMARY

Defendant is unable to respond and defend against Plaintiffs claim of defamation due to missing elements and anemic specificity. Plaintiffs have not stated with any clarity what statements are claimed defamatory, required for survival from this motion. Even more critical, Plaintiffs have failed to claim or identify any statement as false, a required element for defamation.

Critically and contrary to the missing element, if it had been made, Plaintiffs admit under oath Defendant genuinely believes any statements made are truthful. Dismissal under Rule 12(6)(b) is required. *See Ross v. Gordon Weinberg, P.C.*, 3:09cv482, at *7-8 (W.D.N.C. Aug. 30, 2011):

> As to plaintiff's defamation claim, to state a claim for defamation, a plaintiff must allege that a defendant injured plaintiff by making false, defamatory statements about plaintiff, which were published to a third person. *Holleman v. Aiken*, 668 S.E.2d 579, 587 (N.C. App. 2008). Plaintiff fails to state a claim for defamation because he fails in his amended complaint to allege that defendants made any false statements about him that were published to a third person. Thus, this claim will be dismissed.

## CONCLUSION

For all these reasons, Plaintiff fails to state a claim upon which relief can be granted, and the Court should dismiss Plaintiff's retaliation claims under Rule 12(b)(6).

Respectfully submitted this 5th day of March 2024,

/s/ Robert Sharpe
_____

Robert Paul Sharpe
245 Royal Fern Rd
Wilmington NC 28412
wilmingtondiver@gmail.com