UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Robert Paul Sharpe, | ) | CASE NO: 23-00607-5 DMW |
| | ) | Debtor, |
| _____ | ) | |
| | ) | |
| Mark Eastham, and Peter Spark | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING NO: |
| | ) | 23-00089-5 DMW |
| v. | ) | |
| | ) | |
| Port City Contracting Services, | ) | |
| Inc., Robert P. Sharpe, Stone Bay | ) | |
| Tactical, LLC, and SRS Supply | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

RESPONSE IN OBJECTION TO EMERGENCY MOTION FOR STAY

NOW COMES, Charles M. Ivey, III, attorney for The DaVinci Company, LLC and DaVinci Aerospace LLC, as parties in interest and creditors in this Chapter 7 proceeding, and does respond to the Emergency Motion for Stay, and in support of this Objection does state as follows:

(1) This Court entered an Order Approving and Authorizing Compromise of Controversy in this Chapter 7 case on May 30, 2024 [DE 148] ("Compromise Order"). This Court approved Compromise Order involved, among other parties, The DaVinci Company, LLC and DaVinci Aerospace LLC. ("DaVinci"). The Court approved Compromise Order beneficially impacts all creditors in this case.

(2) Robert Paul Sharpe, in his individual capacity, filed a Notice of Appeal of the Compromise Order, on June 4, 2024. [DE 152).

(3) A document entitled Emergency Motion for Stay was filed By Robert Paul Sharpe, on June 10, 2024, [DE 123]. The requested relief states;

(a)     Movant request a stay in the adversary proceeding currently under 22-002917-5-DMW;

(b)     An order allowing access to PACER and dismissal of past fees.

    Even though the pleading requested relief related to an adversary proceeding, it appears the document was not filed in the adversary proceeding.

(4) To the extent this pleading is construed to request a stay of the Compromise Order, DaVinci objects. It has been well established that the criteria the Court considers in whether to grant a discretionary stay of enforcement of a judgment (order) are the same criteria that governs the granting of a preliminary injunction. *In re Liggett*, 118 B.R. 219, 221 (Bankr. S.D.N.Y.1990), *In Re Convenience USA Inc*, 290 B.R. 558 (MDNC 2003).

(5) The Fourth Circuit has established the grounds which are necessary to allow the granting of a stay pending appeal, these elements are as follows:

  (a) Party seeking stay must show it will suffer irreparable injury if the stay is denied;

  (b) Other parties will not be substantially harmed by the stay;

  (c) Party seeking the stay will likely prevail on the merits on appeal;

  (d) The public interest will be served by granting the stay.

    This test is often referred to as the "Hardship Balancing Test". *In re Convenience USA Inc.*, at 562. (Cites to *Long v. Robinson*, 432 F.2d 977 (4th Cir.1970). *Direx Israel, Ltd., v. Breakthrough Medical Corp.*, 952 F.2d 802, 811 (4trh Cir. 1991)). The mere fact that the appeal may be mooted if the Court Order is not stayed is not alone a sufficient basis to warrant a stay. *In re Convenience USA Inc.*, at 563-564, *In re Public Service Co. of New Hampshire*, 116 B.R. 347, 350 (Bankr. D.N.H. 1990). A Stay pending appeal is extraordinary relief and the moving party has the burden of establishing each of the elements for a stay pending appeal. *In Re Shenandoah Realty Partners*, L.P., 248 B.R. 505, 510 (W.D. Va. 2000) See *In Re Wellington,* 631 B.R. 833, 838 (M.D.N.C. 2021).

(6) IRREPARABLE HARM: The moving party cannot establish irreparable harm sufficient to outweigh the other stay element deficiencies. As was established by the Trustee at the Rule 9019 approval hearing, the Movant had assigned and transferred his rights to pursue identified claims or settle such claims. The claims were avoidance actions and the claims which the Movant owned at the time he filed his Chapter 13 case. This transfer of rights was carried out through an Order which the Movant gave his consent in the Trustees' Joint Application to Employ Special Counsel. [DE PCCS 79; Sharpe 79] ("Consent Orders"). Furthermore, the Movant waived and released any exemption rights to any recovery from any such claim. The Consent Orders were not appealed by the Movant, which is understandable given his consent. Since the claims were transferred and control passed to the Trustee no injury can be established by the Movant. Furthermore, given the release of any exemption rights to recovery proceeds there is no monetary harm that can result. Just because the Movant may now wish he had not entered into the consent order does not establish any degree of harm let alone irreparable harm. If he did not want to transfer rights

and release exemptions he should not have consented to the order or should have appealed the order.

(7) CREDITOR HARM: If this Order is stayed all creditors may be harmed. The DaVinci parties will immediately be harmed since they will not receive the agreed payment from the escrowed funds. All creditors are subject to further injury since the escrowed funds would remain tied up. The Trustee therefore cannot use the funds to conduct a necessary investigation into questionable financial dealings of the Debtor. This investigation may result in avoidance actions or other claims being asserted by the Trustee for the benefit of creditors. The evidence presented at the Rule 9019 hearing illustrated these funds are necessary for the Trustee to effectively conduct this investigation. If this necessary investigation is held up certain applicable statute of limitations may apply and reduce what benefit the Trustee can achieve for creditors. This delay will cause immediate and irreparable harm to creditors. A portion of the anticipated investigation may involve actions taken by the Movant while he was associated, pre-petition, with the Chapter 7 Debtor. It is therefore understandable why he is trying to prevent such an investigation.

(8) THE MOVANT WILL NOT PREVAIL ON THE MERITS: There are numerous grounds as to why the movant should not prevail on his appeal. These grounds include but are not limited to the following:

A. Rule 9019 approval standard was established:

(i) The Trustee established at the Rule 9019 hearing that the proposed settlement met the fair and equitable standards required to obtain court approval of the settlement. The settlement clearly falls within the necessary reasonable range of litigation possibilities. In fact, the settlement only had to be above the lowest point in the range of reasonableness;

(ii) Given the legitimate issues as to litigation success, the settlement met the first prong of the test used by court to approve a settlement;

(iii) Collectability as the second prong of the test was not an issue. This should have no weight as to the test for approval of the settlement.

(iv) This case represents a complex set of issues, which would have resulted in an appeal by the non-prevailing party. The third prong of the approval test is therefore satisfied;

(v) Without the settlement there would have been substantial expense, time, and case administration delay. All of these problems were resolved by the settlement. The settlement also provides a certainty for funds to be available for the benefit of creditors. The fourth prong of the approval test is therefore satisfied;

    B. Opposing Evidence:

The Movant made an oral argument but entered no evidence into the record supporting any argument to deny the Compromise Order as requested.[1] The Movant was the only party to object to the settlement. No other party in interest filed any pleadings in opposition or appeared to argue against this settlement.

    C. Standing:

Given the Consent Order as described above, Movant has transferred all rights associated with claims which were settled. The Movant therefore does not have standing to appeal. Since any appeal will be dismissed for lack of standing the Movant prevailing on success is highly doubtful.

    D. Appeal Rights Lost:

The appropriate appeal was to the Consent Orders [DE PCCS 79; Sharpe 79]. No appeal was taken so the Consent Orders control. As indicated, the Consent Orders placed the Trustee with the right to (among other rights) settle the matter dealt with by the Rule 9019 Motion and resulting Compromise Orders.

    E. The relief requested is to stay an adversary proceeding:

The Compromise Orders were not impacted by such request. Since appropriate relief is not requested, the Movant should not prevail on appeal of the Compromise Order.

    F. Public Interest:

It is in the Public Interest for legal disputes to be settled without the need for an expensive and time consuming trial. This settlement clearly achieves this public interest goal. The staying of this settlement would act to discourage settlements.

  (9) Given the reasons stated herein the Movant cannot meet his burden to establish a right to a Stay in this matter and his Motion should therefore be dismissed. Furthermore, the Movant has not followed correct procedure to obtain a Stay of the Compromise Orders, therefore no such Stay should be entered by this Court.

---

[1] As an example the Movant states in his motion "Mr. Ivey has admitted his client were reported for fraud". No evidence to support such fraud was presented. In fact, what was not stated is Movant apparently reported a fraud and all parties, include the VA inspector general, who have investigated the groundless allegations have found no fraud or other improper activity. At all times material in the case and after gratuitous and unsupported allegations of fraud by Movant, such is continually denied.

WHEREFFORE given the reasons set out herein the DaVinci Parties respectfully request that the request for an Emergency Stay Pending Appeal be denied.

This the 17th day of June, 2024.

*/s/ Charles M. Ivey, III*
Charles M. Ivey, III/ NCSB# 8333
Attorney for DaVinci Parties
Ivey, McClellan, Siegmund,
Brumbaugh & McDonough
305 Blandwood Avenue
Greensboro, NC 27401
Telephone: 336-274-4658
Email: cmi@iveymcclellan.com

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that copies of the foregoing were duly served upon the following addressees via the CM/ECF System as applicable or by depositing the same in postage-paid wrappers, properly addressed to the following parties in interest at their last known address as shown, in an official depository of the United States Postal Service.

CM/ECF:

Brian C. Behr
Bankruptcy Administrator

Algernon L. Butler, III
Chapter 7 Trustee

Thomas Babel
Attorney for Eastham

Richard Cook
Attorney for Debtor Sharpe

Joseph A. Bledsoe, III
Chapter 13 Trustee

John C. Bircher, III
Attorney for Eastham and Spark

Benjamin Higgins
Attorney for US Department of VA

Jason Hendren
Attorney for Port City

Kevin Rust
Attorney for The DaVinci

U.S. Mail:

Port City Contracting Services, Inc.
Stone Bay Tactical, LLC
2017 Corporate Drive, Unit 4
Wilmington, NC 28405

SRS Supply, LLC
245 Royal Fern Rd
Wilmington, NC 28412

Robert Paul Sharpe
245 Royal Fern Road
Wilmington NC 28412

Elizabeth C. Taylor
5008 E Oak Island Drive
Suite 2, Box 135
Oak Island NC 28465

This the 17th day of June, 2024.

/s/ Charles M. Ivey, III
Charles M. Ivey, III
Attorney for DaVinci Parties
N.C. State Bar No. 8333
Ivey, McClellan, Siegmund, Brumbaugh & McDonough
305 Blandwood Avenue
Greensboro, NC 27401
Telephone: (336) 274-4658
Email: cmi@iveymcclellan.com